IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lisa Peters, | Case No: |
| Plaintiff | Jury Trial Demanded |
| versus | |
| The Milton S Hershey Medical Center, Olga Bolongia, and Bryndan Violette | |
| Defendants | |

**COMPLAINT**

Plaintiff Lisa Peters, by and through his counsel, Krevsky Bowser LLC, files this complaint, stating as follows:

**Introduction**

1. Plaintiff Lisa Peters ("Peters"), brings this action against her former employer, the Milton S Hershey Medical Center ("MSHMC"), for claims arising under the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq,* as amended by the ADA Amendments Act of 2008 ("ADA"), Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq* ("FMLA"), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA").

2. This is an action brought to remedy violations of Peters's civil rights and to redress unlawful practices and retaliatory conduct of the Defendant.

3. Peters alleges that Defendant failed to provide Peters with reasonable accommodations and terminated her employment on May 26, 2023, because of her disabilities and to retaliate against Peters for taking FMLA leave and seeking ADA accommodations.

## Parties, Jurisdiction and Venue

4. Peters is an adult individual who, at all relevant times, resided in the Commonwealth of Pennsylvania and was formerly employed by MSHMC.

5. MSHMC is a Pennsylvania non-profit entity with a registered address at 100 Crystal A Dr, Hershey, PA 17033. MSHMC operates the MSHMC Health Eye Center located at 200 Campus Drive Entrance 1, Hershey, Dauphin County, Pennsylvania, where Peters worked.

6. At all relevant times, MSHMC was Peters's employer under the ADA, FMLA, and PHRA.

7. Olga Bolongia and Bryndan Violette were supervisory employees who aided and abetted the acts of discrimination, as described below.

8. At all relevant times, MSHMC acted through its agents, servants, apparent agents, and/or managerial employees who, collectively, were authorized to

act and did act within the scope of authority, course of employment, and/or under the direct control of MSHMC.

9. This Court has original jurisdiction over Peters's ADA, ADEA, and FMLA claims pursuant to 28 U.S.C. §1331.

10. This Court has supplemental jurisdiction over Peters's state law claims pursuant to 28 U.S.C. §1367.

11. Jurisdiction over Peters's claims is appropriate in that Peters satisfied all preconditions to the filing of this action by way of pursuit of administrative remedies. Peters timely filed a charge of discrimination with the US Equal Employment Opportunity Commission, which was dual filed with the Pennsylvania Human Relations Commission, alleging age and disability discrimination and retaliation.

12. The EEOC issued a notice of right to sue notice on February 21, 2025.

13. Venue lies within the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b), as the incidents, actions, and/or omissions took place within this judicial district.

## Underlying Facts

14. MSHMC hired Peters as a Certified Ophthalmic Technician II in or around April 2004.

15. Peters's principal place of business was the Penn State Health Eye Center at 200 Campus Drive, Hershey, Pennsylvania.

16. Peters was qualified to perform all duties associated with her position and carried out such duties in a satisfactory manner.

17. Peters met or exceeded MSHMC's legitimate business expectations.

18. Peters suffers from multiple medical impairments ("Medical Impairments"), including spinal stenosis, herniated disc, asthma, and mental health conditions. These Medical Impairments substantially limit one or more major life activities or major bodily functions including, but not limited to, severe back pain, asthma and anxiety.

19. Peters's Medical Impairments are permanent and/or longstanding in duration.

20. MSHMC was aware of Peters's Medical Impairments.

21. Peters is an individual with a disability under the ADA due to her Medical Impairments, a record of medical impairments, and/or being regarded as having medical impairments by MSHMC.

22. Each of Peters's Medical Impairments constitute a disability ("Disability") as that term is defined pursuant to the ADA.

23. Despite Peters's Disabilities, she was capable of performing the essential functions of her job with or without accommodation.

24. In or about December 2022, Peters requested and was granted medical leave for approximately two months and other accommodations because of an auto accident that caused Peters to need surgery to replace two cervical discs.

25. This medical leave of absence was also covered under the Family and Medical Leave Act.

26. Upon her return to work on or about February 9, 2023, Peters requested reasonable accommodations at work in the form of limitations on physical activity.

27. Peters's immediate supervisor, Olga Bolongia ("Bolongia") began to harass and discriminate against Peters for her Medical Impairments, her medical leave of absence, and her request for reasonable accommodations.

28. Bolongia frequently required Peters to perform tasks that were in violation of the accommodations approved by MSHMC.

29. Bolongia told Peters that she did not care about Peters's accommodations and that Peters was still required to perform the task.

30. Out of fear of losing her job with MSHMC, Peters complied with Bolongia's direction.

31. Peters reported to MSHMC's Practice Manager, Bryndan Violette ("Violette"), that Bolongia was requiring Peters to complete tasks that were outside of the reasonable accommodations provided to Peters.

32. Upon information and belief, neither Violette nor MSHMC took any action to investigate or remedy this violation.

33. Peters remained capable of performing her job duties with the approved reasonable accommodations.

34. On or about May 18, 2023, Peters requested medical leave under Family and Medical Leave Act for trigger finger release surgery.

35. During her employment, Peters was repeatedly harassed by co-worker Amanda Camacho.

36. On or about May 19, 2023, Camacho started a loud and abrupt verbal altercation with Peters in front of co-workers and patients.

37. Violette brought the two women into his office where Camacho continued to berate, scream, and curse at Peters.

38. Following this incident, Peters lodged a report to Violette about the hostile and harassing way in which Camacho treated Peters.

39. Later that same day, Peters was placed on paid administrative leave because it was alleged that she had a firearm in her vehicle on the workplace property. The allegation was false. Peters did not have a firearm in her vehicle or otherwise on the premises.

40. Peters denied the accusations and requested proof, but none was provided. Peters was only informed that Violette had reported the firearm.

41. On or about May 26, 2023, Violette held a meeting with Peters and advised that her employment with MSHMC was terminated due to behavior related issues.

42. The termination of Peters's employment constitutes adverse employment action.

43. Upon information and belief, MSHMC failed to investigate any of the harassment and discrimination lodged by Peters, but gave credence to Violette's false allegation with no proof.

44. MSHMC possessed no good faith, legitimate business justification to terminate Peters's employment.

45. The purported basis for MSHMC's termination of Peters's employment is invalid, untrue, and a pretext for unlawful discrimination and retaliation.

46. In June 2023, Peters submitted a complaint to MSHMC's human resources department alleging that her termination was the result of discrimination.

47. Peters remained a patient at the Penn State Health Eye Center following her termination. During a visit with her doctor in August 2023, Violette retaliated against Peters by harassing her throughout the visit.

48. The events and circumstances described above constitute unlawful discrimination and retaliation.

## COUNT I
## Americans With Disabilities Act
### *Peters v MSHMC*

49. Peters has physical and/or mental impairments that substantially limit one or more major life activities or major bodily functions.

50. MSHMC regarded Peters as a person with a disability.

51. Peters capably performed her work for MSHMC and was qualified to perform her position.

52. Peters would have been able to perform all essential job functions of her position with reasonable accommodations.

53. Peters's rights under the ADA were violated when she was harassed and treated less favorably in response to taking leave and requesting

accommodations, often being forced to perform tasks restricted under her reasonable accommodations.

54. Peters's requested accommodations would not have imposed an undue hardship on MSHMC.

55. By requesting accommodations, as stated above, Peters engaged in protected activity under the ADA.

56. The stated reason for Peters's termination was pretext for disability discrimination and retaliation.

57. Because MSHMC knew or suspected that the seriousness of Peters's disabilities might require future medical leaves of absence and/or other reasonable accommodations, it terminated Peters's employment rather than provide reasonable accommodations.

58. MSHMC violated Peters's rights under the ADA by failing to engage in the interactive process, by denying requests for reasonable accommodations, by terminating Peters due to her disability, and by retaliating against Peters for engaging in protected activity.

59. MSHMC failed to exercise reasonable care to prevent unlawful disability discrimination and retaliation in the workplace.

60. MSHMC acted with willful intent and/or reckless disregard for Peters's right to be free from disability discrimination and retaliation.

## COUNT II
## Pennsylvania Human Relations Act
*Peters v MSHMC, Violette, and Bolongia*

61. Peters incorporates the above allegations here.

62. The acts and/or omissions stated above regarding violations of the Americans with Disabilities Act and incorporated here by reference also violate Peters's rights under the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq*.

63. Each of the individual Defendants aided and abetted the discrimination and retaliation described above.

64. The individual Defendants were identified in the body of the administrative complaint and/or during the course of the investigation, such that they had notice they could be sued in their individual capacity for aiding and abetting the discrimination and retaliation.

## COUNT III
## Family and Medical Leave Act
*Peters v MSHMC*

65. Peters incorporates the above allegations here.

66. MSHMC is Peters's employer under the FMLA.

67. As described above, Peters suffers from serious health conditions entitling Peters to FMLA leave during her period of incapacity.

68. During her employment, Peters exercised her rights under the FMLA by requesting qualifying leave under the FMLA's self-care provisions.

69. Although Peters was granted intermittent and continuous FMLA leave, MSHMC's employees harassed and retaliated against Peters for taking leave.

70. The FMLA and its regulations prevent employers from retaliating against employees who have exercised rights under the FMLA and/or attempted to exercise rights under the FMLA.

71. MSHMC willfully violated Peters's rights under the FMLA when it discriminated and/or retaliated against her because she exercised FMLA rights as described above.

72. MSHMC based its adverse employment action (termination) on Peters's exercise of her right to FMLA leave and MSHMC's belief that Peters was likely to request leave for her own serious health conditions in the future.

73. MSHMC's acts and omissions, as described above, were carried out in bad faith and without a reasonable basis.

**Prayer for Relief**

74. Peters respectfully requests the Court enter judgment in her favor and against the Defendants for all remedies available under the statutes stated above, including:

   a.  Back pay and benefits;

   b.  Reinstatement;

   c.  Front pay and benefits should reinstatement prove unfeasible;

   d.  Incidental damages;

   e.  Compensatory damages;

   f.  Punitive damages;

   g.  Liquidated damages;

   h.  Interest;

   i.  Reasonable attorneys' fees and costs;

   j.  An Order enjoining Defendant from engaging in further conduct in violation of employees' rights under the statutes addressed above; and

k. Any other relief that this Court deems just and equitable.

Respectfully submitted,

KREVSKY BOWSER LLC

<u>/s/ Anthony T Bowser</u>
Anthony T Bowser (PA #204561)
abowser@krevskybowser.com
20 Erford Road | Suite 300A
Lemoyne, PA  17043
717.731.8600
*Counsel for Plaintiff*